## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARIO BURKES, individually and on behalf of all others similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**CUSTOMIZED DISTRIBUTION SERVICES, INC.,**<br><br>Defendant. | Case No.<br><br>(Removed from the Circuit Court of the Third Judicial Circuit, Madison County, Illinois – Case No. 2020L000026)<br><br>**JURY TRIAL DEMANDED** |

## NOTICE OF REMOVAL

Defendant Customized Distribution Services, Inc. ("Defendant") hereby removes the above-captioned action, which is currently pending in the Circuit Court of Madison County, Third Judicial Circuit, to the United States District Court for the Southern District of Illinois. This removal is based upon diversity jurisdiction and jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. In support of its Notice of Removal, Defendant states the following:

### The State Court Action

1. On January 13, 2020, Plaintiff Mario Burkes ("Plaintiff") filed a putative class action complaint in the Circuit Court of Madison County, Third Judicial Circuit, styled *Mario Burkes, individually and on behalf of all others similarly situated v. Customized Distribution Services, Inc.*, Case No. 2020L000026 (the "Action"). The Complaint alleges three counts for violation of the Illinois Biometric Information Privacy Act (740 ILCS 14/1 *et seq.*) ("BIPA"): Count I, Violation of 740 ILCS 14/15(a) – Failure to Institute, Maintain, and Adhere to Publicly Available Retention Schedule; Count II, Violation of 740 ILCS 14/15(b) – Failure to Obtain Informed Written Consent and Release Before Obtaining Biometric Identifiers or Information;

and Count III, Violation of 740 ILCS 14/15(d) – Disclosure of Biometric Identifiers and Information Before Obtaining Consent.

2. Defendant was served with a copy of the Summons and Complaint on January 17, 2020. Thus, this Notice of Removal is timely filed within the 30 days permitted by 28 U.S.C. § 1446(b).

3. Defendant also was served with a copy of Plaintiff's Rule 222(B) Affidavit and Plaintiff's Motion for Class Certification and Request for Discovery on Certification Issues.

4. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the Summons, Complaint, and all processes, pleadings, and orders served on Defendant are attached as Exhibit A.

5. Plaintiff alleges that he brings his Complaint on behalf of a proposed class of "[a]ll persons who were enrolled in the biometric timekeeping system and subsequently used a biometric timeclock while employed/working for Defendant in Illinois during the applicable statutory time period" ("the Class"). Complaint ¶ 71. Plaintiff asserts that the Class consists of more than 40 members. Complaint ¶ 72.

6. Plaintiff's class definition is not properly limited in either geographic or temporal scope. *See* Complaint ¶ 71.

7. Plaintiff alleges that Defendant violated BIPA, based on a failure to:

- Properly inform Plaintiff and the Class in writing the specific purpose and length of time for which their fingerprint(s) were being collected, stored, disseminated and used;

- Provide a publicly available retention schedule and guidelines for permanently destroying Plaintiff's and the Class' fingerprint(s);

- Receive a written release from Plaintiff and the Class to collect, store, disseminate, or otherwise use their fingerprint(s); and

- Obtain consent from Plaintiff and the Class to disclose, redisclose, or otherwise disseminate their biometric identifiers and/or biometric information to a third party.

Complaint ¶ 15. Accordingly, Plaintiff asserts that Defendant violated 740 ILCS 14/15(a), (b) and (d) with respect to Plaintiff and the Class.

8. For each count, Plaintiff seeks declaratory relief, injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements, statutory damages of $5,000 for each intentional and/or reckless violation of BIPA, or, in the alternative, $1,000 for each negligent violation of BIPA, and reasonable attorneys' fees and costs and other litigation expenses. Complaint, ¶¶ 84, 94, 103.

**Jurisdiction and Venue**

9. Because the Circuit Court of Madison County, Illinois lies within the Southern District of Illinois, this Court is the appropriate venue for removal. *See* 28 U.S.C. §§ 93(c), 1441 (a) and 1446 (a).

10. As explained further below, this Court has original jurisdiction over this Action for two reasons pursuant to 28 U.S.C. §§ 1332(a)(1) and 1332(d):  (1) because it is a civil action between citizens of different states and the amount in controversy with regard to Plaintiff exceeds $75,000; and (2) the amount in controversy for the Class members in the aggregate exceeds $5,000,000.[1]

---

[1] Defendant does not concede, and specifically reserves the right to contest, all of Plaintiff's alleged factual assertions, legal contentions and alleged damages. Defendant also does not concede what the proper statute of limitations is for Plaintiff's claims under BIPA, and specifically reserves the right to dispute what Plaintiff claims is the applicable statute of limitations.

**Diversity Jurisdiction**

11. Pursuant to 28 U.S.C. § 1332, District Courts have original jurisdiction of all actions where the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and in which there is complete diversity of citizenship among the parties that have been properly joined. 28 U.S.C. § 1332.

**Diversity of Citizenship**

12. The parties are citizens of different states.

13. For purposes of diversity, an individual is a citizen of the state in which he or she is domiciled. *Hart v. FedEx Ground Package Sys.*, 457 F.3d 675, 676 (7th Cir. 2006) ("[I]n class actions only the citizenship of the named plaintiff counts") (citations omitted). A person's domicile is the place where one is physically present and intends to make that place his home for the time being at least. *Sadat v. Mertes*, 615 F.2d 1176, 1180 (7th Cir. 1980). Objective factors relevant to a person's intent includes an individual's current residence and place of employment. *Stravala v. Zhang*, 318 F.R.D. 81, 97 (N.D. Ill. 2016) (*citing Midwest Transit, Inc. v. Hicks.*, 79 Fed. Appx. 205, 208 (7th Cir. 2009)). At all times during Plaintiff's employment with CDS, he represented he lived in Madison, Illinois. Declaration of Ben Mera ("Mera Dec.") ¶ 9, a true and accurate copy of which is attached hereto as Exhibit B. Plaintiff also provided CDS a copy of his Illinois driver's license for verification of employment eligibility. Mera Dec. ¶ 9. Further, in Plaintiff's own Complaint, he asserts citizenship of Illinois. Complaint ¶ 1. This evidence demonstrates that Plaintiff is physically present in Illinois and intends to make Illinois his home for the time being. Thus, Plaintiff is domiciled in, and is a citizen of, Illinois.

14. Defendant is incorporated in the state of Pennsylvania with its principal place of business in New Jersey. Ex. B, Mera Dec. ¶ 4.

15. For purposes of determining diversity of the parties, a corporation "shall be deemed a citizen of every State and foreign state by which it has been incorporated and the State and foreign state by which it has its principal place of business." 28 U.S.C. § 1332(c)(1). Therefore, for purposes of determining diversity jurisdiction, Defendant is a citizen of Pennsylvania and New Jersey. Ex. B, Mera Dec. ¶ 4.

16. The parties are of diverse citizenship, as Plaintiff is a citizen of Illinois and Defendant is a citizen of Pennsylvania and New Jersey.

## Amount in Controversy

17. To support diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). The party seeking removal must establish by a preponderance of the evidence that the amount in controversy is over $75,000, exclusive of interests and costs. *Palmer v. Am. Coal Co.*, No. 08-CV-0213-MJR, 2008 WL 3200846, at **1-2 (S.D. Ill. Aug. 7, 2008). In *Palmer*, this Court explained that "the amount in controversy is determined by evaluating the plaintiff's complaint 'and the record as a whole.'" *Id.* at *2. The defendant need only establish by a preponderance of the evidence that the plaintiff could stand to recover over $75,000 if he were to prevail, not that the plaintiff would in fact be awarded more than that amount. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006).

18. Where a plaintiff provides little information regarding the value of his claim, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Id.* at 511; *see also Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011). Once the defendant has satisfied this burden, the plaintiff may defeat federal jurisdiction "only if it appears to a legal *certainty* that the claim is really for less than the jurisdictional

amount." *Id.* (emphasis added); *see also Spivey v. Virtrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008). The allegations in Plaintiff's Complaint establish more than $75,000 is at controversy in the Action.

19. Plaintiff alleges that Defendant violated BIPA when it required him to clock in and out using his fingerprint while employed at Defendant's facility in Illinois. Complaint ¶¶ 1, 33-41. Plaintiff worked for CDS from December 3, 2018 to April 12, 2019. Ex. B, Mera Dec. ¶ 6. As a full-time employee, he worked approximately five (5) shifts per week. Mera Dec. ¶ 6. Plaintiff alleges he was required to use the time clock four times a day, to begin and end his workday and to clock in and out for lunches. Complaint ¶ 37. Accordingly, Plaintiff could have used the time clocks to clock in and out for work more than 360 times.[2]

20. Plaintiff alleges Defendant's actions were intentional and/or reckless and seeks $5,000 for each intentional and/or reckless violation of BIPA. Complaint ¶¶ 48-70, 84, 94, 103. If, as Plaintiff appears to allege, each time he allegedly clocked in and out using his fingerprint is deemed to be a violation (an interpretation of the statute that Defendant disputes), then the amount in controversy far exceeds $75,000. Defendant could owe a minimum of $5,000 for "each violation" of BIPA. *See* 740 ILCS 14/20. Thus, an allegation of mere sixteen (16) violations would place at least $80,000 at issue. Plaintiff alleges more, thus exceeding the minimum amount in controversy.

21. Finally, Plaintiff did not file a **binding** stipulation in state court prior to removal limiting his damages to less than $75,000 as the Seventh Circuit has required. *See In re: Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) ("Litigants who want to prevent removal must file a binding stipulation or Declaration with their complaints"). As a result of the diversity of citizenship and amount in controversy, diversity jurisdiction is satisfied and removal is proper.

---

[2] December 3, 2018 to April 12, 2019 is 18 weeks and 4 days. 18 weeks * 5 days/week * 4 times/day is 360 times.

## CAFA Jurisdiction

22. This Court also has original jurisdiction over this Action under CAFA. *See* 28 U.S.C § 1332(d).

23. In relevant part, CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of the class of plaintiffs is a citizen of a state different from any defendant and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2)(A).

24. CAFA authorizes removal of such actions pursuant to 28 U.S.C. § 1446. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

25. Defendant is not a state, state official, or other government entity, as required by 28 U.S.C. § 1332(d)(5)(A).

26. The putative class consists of 100 or more individuals, as required by 28 U.S.C. § 1332(d)(5)(B).[3] Ex. B, Mera Dec. ¶ 7.

27. As explained above, diversity of citizenship exists between Plaintiff and Defendant. Plaintiff is a citizen of Illinois and Defendant is a citizen of Pennsylvania and New Jersey.

28. Plaintiff's Complaint places more than $5,000,000 in controversy, which exceeds this Court's jurisdictional minimum. Plaintiff alleges that Defendant willfully violated at least three separate provisions of the Biometric Information Privacy Act: 740 ILCS 14/15 (a), (b), and

---

[3] The maximum applicable statute of limitations for Plaintiff's claims under BIPA is Illinois' "catch all" statute of limitations period of five (5) years pursuant to 735 ILCS 5/13-205. As stated above, Defendant does not concede that this statute of limitations period applies to these claims. However, for purposes of evaluating the amount in controversy, Defendant will assume that this 5-year statute of limitations period may apply.

(d) with respect to Plaintiff and each of the putative Class Members. Complaint ¶ 15. There have been more than 400 hourly employees at Defendant's facility in Edwardsville, Illinois since January of 2015. Ex. B, Mera Dec. ¶ 7. Accordingly, if Defendant is found to have willfully violated three separate provisions of the Biometric Information Privacy Act only once with respect to even 400 hourly employees at the Illinois facility, the amount in controversy is $6,000,000, which exceeds the minimum amount in controversy under CAFA.[4]

29.     As a result of the diversity of citizenship and amount in controversy, removal of this Action under CAFA is appropriate.[5]

## Compliance with Procedural Requirements

30.     This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is being filed within 30 days of Defendant's receipt of the Complaint.

31.     Pursuant to 28 U.S.C. § 1446(d), Defendant is electronically filing today the Notice of Removal to the Clerk of the Third Judicial Circuit Court in Madison County, Illinois. A copy of the file-stamped Notice of Removal to the Clerk will be filed upon receipt.

32.     Pursuant to 28 U.S.C. § 1446(d), Defendant is mailing today the Notice to Plaintiff, stating that a Notice of Removal to the Clerk of the United States District Court for the Southern District of Illinois was filed, and serving a copy of this Notice of Removal upon Plaintiff. A copy of said Notice to Plaintiff is attached hereto as Exhibit C.

---

[4] Further, the amount in controversy also exceeds the CAFA requirement if Plaintiff claims that BIPA is violated each time a class member clocked in or out at the facility, which Plaintiff alleges happens four times per shift. Thus, the amount in controversy per shift per employee may be up to $20,000. As set forth above, there have been over 400 hourly employees at that facility since January of 2015. If 400 hourly employees only worked a single shift, under this theory the amount in controversy would be $24,000,000.

[5] None of the exceptions to CAFA jurisdiction apply in this case. *See* 28 U.S.C § 1332(d)(3) and (4). It is Plaintiff's burden to prove that an exception to CAFA jurisdiction applies. *See In re Sprint Nextel Corp.*, 593 F.3d 669, 673 (7th Cir. 2010). Each of the CAFA exceptions requires that the primary defendant, or a defendant from whom significant relief is sought, be a citizen of the forum state. 28 U.S.C. § 1332(d)(3) and (4). However, as set forth above, Defendant is not a citizen of Illinois. As such, Plaintiff cannot establish the applicability of any exception to CAFA jurisdiction in this case.

33. A Civil Cover Sheet is filed herewith.  Defendant also is filing its Disclosure of Corporate Interest statements, pursuant to Federal Rule of Civil Procedure 7.1.

34. Defendant files this Notice of Removal solely for the purpose of removing the instant Action and does not waive, and specifically reserves, any and all defenses.

**WHEREFORE,** having fulfilled all statutory requirements, Defendant hereby removes this Action from the Circuit Court of Madison County, Illinois, Third Judicial Circuit, to this Court, and requests this Court assume full jurisdiction over the matter as provided by law and permit this action to proceed before it as a matter properly removed thereto.

> *s/ Jennifer Chierek Znosko*
> Jennifer Chierek Znosko ARDC#6284732
> jznosko@littler.com
> Lillian T. Manning, ARDC #6322842
> lmanning@littler.com
> LITTLER MENDELSON, P.C.
> 600 Washington Avenue
> Suite 900
> St. Louis, MO  63101
> 314.659.2000
>
> *Attorneys for Defendant Customized Distribution Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 14th, 2020, I caused the foregoing document to be filed with the Clerk of the Court using the CM/ECF system and served upon the following via U.S. Mail:

Brandon M. Wise
Paul A. Lesko
PEIFFER WOLF CARR & KANE, APLC
818 Lafayette Ave., Floor 2
St. Louis, MO 63104

*Attorneys for Plaintiff*

*s/ Jennifer Chierek Znosko*

4842-2813-4068.2